UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSALIE APPEL | : | |
| | : | |
| VS. | : | NO. 3:06cv1177(SRU) |
| | : | |
| CHARLES P. SPIRIDON, | : | |
| LINDA VADEN-GOAD, | : | |
| CAROL HAWKES, | : | |
| TERRY WELLS, | : | |
| LINDA RINKER, | : | |
| MARGARET GRIMES, | : | |
| JOHN WALLACE, | : | |
| ABE ECHEVARRIA and | : | |
| JAMES SCHMOTTER | : | JUNE 19, 2009 |

**T H I R D   A M E N D E D   C O M P L A I N T**

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. The plaintiff is an adult citizen of the United States with a residence in New York City.  She is, and has been for more than forty years, a tenured professor at Western Connecticut State University in Danbury.

1

4. During all times mentioned in this action, all of the defendants were officials of Western Connecticut State University.  The defendant Charles P. Spiridon was the Dean of Human Resources; the defendant Linda Vaden-Goad was Dean of Arts and Sciences; the defendant Carol Hawkes was Dean of the School of Arts; the defendant Terry Wells was Chair of the Arts Department; the defendant Linda Rinker was the Provost and Vice President for Academic Affairs; the defendant James Schmotter was the President; and the defendants Margaret Grimes, John Wallace and Abe Echevarria were the members of a special Evaluation Committee appointed by other defendants to "evaluate" the plaintiff. They are sued only in their individual capacities for compensatory and punitive damages but in both their individual capacities and their official capacities for prospective injunctive relief and attorney fees.

5. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

7.  On May 12, 2005, the plaintiff testified at a public hearing of the Connecticut Commission on Human Rights and Opportunities regarding a complaint of unlawful race and ethnicity discrimination which had been brought against the aforesaid university by Hwa Young-Caruso.  Her testimony supported the claim of illegal discrimination and contradicted the position taken by the university.

8.  The issue under consideration by the Commission on Human Rights and Opportunities at its aforesaid May 12, 2005, hearing had nothing to do with the plaintiff but did involve a matter of great public concern, that is, whether a public agency of the State of Connecticut violated state and federal law.   As such, her testimony was protected by the First Amendment to the United States Constitution.

9.  Following the plaintiff's aforesaid testimony, the defendants began a series of retaliatory and harassing actions designed to punish her for having thus exercised her free speech rights.  These actions included holding the plaintiff to different and stricter standards of behavior and performance than those applicable to other faculty members, disregard of university regulations and customs insofar as they protected the rights and dignity of the plaintiff, and disparate treatment respecting the perquisites and rewards due to long-term distinguished tenured faculty members.

10.  On November 11, 2005, as a part of the aforesaid retaliation against the plaintiff for her exercise of protected rights, the defendant Vaden-Goad summoned

a special faculty committee to investigate the plaintiff and ordered the plaintiff to submit herself to the said committee.  Defendant Vaden-Goad brought before the said committee the following accusations against the plaintiff:

    A.  "Lack of respect for the majority decision of the department [including] department policy regarding the development of the course schedule."

    B.  "Constant interruption when others are speaking."

    C.  "Your insistence that you can determine other people's motivation" and describing an adjunct faculty member as "disingenuous."

    D.  "Numerous emails accusing others of wrong doing without proper evidence or facts."

    E.  "Making unsubstantiated accusations...."

    F.  "Your claims that students are personally attacking you."

No other faculty member ever has been subjected to such an investigation upon the basis of such frivolous accusations.

    11.  As a part of the defendants' aforesaid retaliation against the plaintiff, questionnaires were submitted to her students.  Upon information and belief, no other tenured faculty member ever has been subjected to such an evaluative process.

    12.  The plaintiff's students expressed enthusiasm for the plaintiff.  Student comments included:

- "Professor Appel is great"

- "I loved this class"

- "Very informative"

- "This class was a lot harder than anticipated, but I got a lot out of it...."

13. Because the student survey failed to produce evidence against the plaintiff, the defendants caused a second set of questionnaires to be submitted to the plaintiff's students. No other tenured faculty member ever has been subjected to such a process.

14. Even the second set of questionnaires resulted in student support for the plaintiff. As the committee itself admitted, the responses were predominantly positive for the plaintiff. "Most students believe that time spent in class was worthwhile, major points of the course were clear on the syllabus, the instructor was enthusiastic and knowledgeable, the assignments were challenging, and helped them develop understanding of the subject."

15. Still having failed to obtain adverse commentary about the plaintiff, the defendants caused yet a third set of questionnaires to be submitted to the plaintiff's students. No other tenured faculty member ever has been subjected to such an evaluation process.

16.  Thereafter, as a further part of the aforesaid retaliation, defendant Spiridon, in conspiracy with defendant Vaden-Goad, on July 11, 2006, ordered the plaintiff to submit to a psychiatric evaluation at The Institute of Living.  No other tenured faculty member ever has been subjected to such a requirement.

17.  When the plaintiff objected to the requirement that she submit to a psychiatric evaluation, defendant Spiridon on July 25, 2006, advised the plaintiff that if she failed to submit thereto she would be subjected to disciplinary action.  No other tenured faculty member ever has been subjected to such an order.

18.  As a result, this litigation was instituted on the dates that appear of record herein.

19.  Thereafter, on September 7, 2006, the defendant Spiridon caused a letter to be delivered to the plaintiff informing her "of the University's intent to suspend you without pay effective September 14, 2006, until such time that you agree to make yourself available for the assessment...."

20.  In fact, the defendants suspended the plaintiff without pay on September 14, 2006.

21.  Moreover, the defendants, acting jointly and in concert, barred the plaintiff from teaching any of her classes and from seeing any of her students even at her university office.

22.  Said actions have been in retaliation, both for the plaintiff's original exercise of protected First Amendment rights described above and for having filed this present lawsuit in defense of those rights.

23.  On November 30, 2006, this court entered in the said civil action a preliminary injunction against the defendants therein.

24.  The defendants in said action moved for a stay of the injunction, which motion was denied by this court on December 21, 2006.

25.  The defendants in said action appealed to the United States Court of Appeals.

26.  The defendants requested the Court of Appeals to issue a stay of the said injunction, but the Court of Appeals denied that motion.

27.  Concomitantly with the foregoing events, the aforesaid Hwa Young Caruso has been pursuing an employment discrimination claim against the university before the Connecticut Commission on Human Rights and Opportunities. During 2007, that action was reopened by the Commission and the plaintiff was listed as a witness on behalf of the victim and against the university.

28. All of the actions of the plaintiff described above constitute the exercise of rights protected by the First Amendment to the United States Constitution, that is, the right to freedom of speech, the right to freedom of association, and the right to

petition for redress of grievances.  All concern matters of great public importance not solely related to the personal circumstances of the plaintiff.

29.  During the year 2007, in retaliation for the plaintiff's aforesaid exercise of protected First Amendment rights, the defendants have brought disciplinary actions against the plaintiff without merit, have suspended the plaintiff without pay, without legitimate reason, have falsely and maliciously accused the plaintiff of improperly or inadequately utilizing a travel grant, have fomented and encouraged student disruption within the plaintiff's classes, have falsely and maliciously accused the plaintiff of being "unprofessional" and "unproductive," have limited the plaintiff's teaching assignments, have required the plaintiff to present syllabi for her courses to the department Chair, which no other professor has been required to do, have ordered the plaintiff to take an undergraduate course called "Interpersonal Communications (COM 162)" and to obtain a fixed grade in the said undergraduate course, although no university professor ever in the history of the university has been subjected for any reason to such a requirement, have inflicted other and grievous injuries and insults upon the plaintiff, and forced the plaintiff to retire involuntarily and without dignity.

30.  In the manner described above, the defendants have violated rights secured to the plaintiff by the First Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

32. In the manner described above, the defendants have subjected the plaintiff to malicious conduct shocking to the conscience in violation of the substantive due process clause of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

33. As a result, the plaintiff has suffered and will suffer emotional distress and economic loss.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, prospective injunctive relief, attorney fees and costs.

                THE PLAINTIFF

BY:            /s/
      JOHN R. WILLIAMS (ct00215)
      51 Elm Street
      New Haven, CT 06510
      203.562.9931
      Fax:  203.776.9494
      jrw@johnrwilliams.com
      Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                        /s/
                                  JOHN R. WILLIAMS