UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSALIE APPEL, | : | CIVIL NO. 3:06CV-1177 (SRU) |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| CHARLES SPIRIDON, et al., | : | DECEMBER 17, 2013 |
|     Defendants | | |

DEFENDANTS' PROPOSED AMENDED BUSINESS JUDGMENT JURY INSTRUCTION

The defendants hereby file the following amended business judgment jury instruction to replace the one on p. 19 of their proposed jury instruction:

I further instruct you that the defendants can rely upon their reasonable investigation of events, even if the facts turn out to be wrong.[1]  Their business judgment is not at issue, nor are you to decide this case based upon whether you agree or disagree with their decisions, even if unfair, unwise, or mistaken.[2]  Whether plaintiff's job performance was satisfactory depends on the employer's criteria for the performance of the job and not the standards that may seem reasonable to the jury or judge.[3]  You may not return a verdict for the plaintiff simply because you disagree with the defendants' business decisions or believe they were harsh or unreasonable.

---

[1] Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 606, 128 S. Ct. 2146, 170 L. Ed 2d 975, (2008); quoting Waters, 511 U.S. at 679 (plurality opinion); See also Connick, 461 U.S. at 146-147.

[2] Weinstock v. Columbia University, 224 F.3d 33, 47 (2d Cir. 2000); Brown v. Regional School District 13,et al, 328 F.Supp.2d 289, 295 (D. Conn. 2004) citing Wood v. Strickland, 420 U.S. 308, 326 (1975); Moysey v. Rearick, 2004 WL 1543200 *3; 2004 U.S. Dist. Lexis 12531 * 9-10 (D. Conn. 2004).

[3] Thornley v. Penton Pub., 104 F. 3d 26, 29 (2d Cir. 1997).

Similarly, a history of opposing the administration by the plaintiff is insufficient by itself to establish a retaliatory motive on the part of the defendants.[4]  Moreover, the subjective feelings of the plaintiff, or anyone else cannot establish an inference of retaliation.[5]  In this case you are only to decide whether the defendants' conduct was retaliatory as I have instructed you on the law, and not to quarrel with his/her business judgment.

DEFENDANTS,
LINDA VADEN-GOAD, CHARLES SPIRIDON,
AND LINDA RINKER,

ATTORNEY GENERAL
GEORGE JEPSEN

Beth Z. Margulies
Assistant Attorney General

By: /s/  Beth Z. Margulies
Beth Z. Margulies
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5197
Fax: (860) 808-5388
Beth.Margulies@ct.gov
Federal Bar # ct 08469

---

[4] See Daniels v. Townsley, 161 F. Supp. 2d 63, 71 (D. Conn. 2001)
[5] Cf. Gross v. Nat'l Broadcasting Co., Inc., 232 F. Supp. 2d 58, 72 (S.D.N.Y. 2002).

## CERTIFICATION

    I hereby certify that on December 17, 2013 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Beth Z. Margulies
Beth Z. Margulies (# ct08469)
Assistant Attorney General