**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROSALIE APPEL, | : |
|     Plaintiff, | : |
| | :   No. 3:06cv1177 (SRU) |
|     v. | : |
| | : |
| CHARLES SPIRIDON, LINDA | : |
| VADEN-GOAD and LINDA RINKER, | : |
|     Defendants. | : |

## JURY INSTRUCTIONS

Members of the jury, you now have heard all of the evidence.   At this point, I am going to instruct you about the law that applies to this case.   At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial.   Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you listen carefully.   You have been provided with a copy of my instructions so that you can read along as we go.   Feel free to make notes on your copies.   You will be permitted to take your copies into the jury room with you.

My instructions will be in three parts:   First, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats: the verdict form.   After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate.   You will have with you the following: the original of the verdict form, your copies of these instructions, and any personal notes that you

may have taken.   Once you are in the jury room, you will also have access to all of the exhibits

that were admitted during the trial.   The exhibits will be made available to you electronically, and

my courtroom deputy and law clerk will show you how to view the exhibits.   At the conclusion of

your deliberations, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS

### ROLE OF THE COURT

As Judge, I perform basically two functions during the trial.   First, I decide what evidence

you may consider.   You have heard me doing that throughout the trial.   Second, I instruct you on

the law that you are to apply to the facts in this case.   I gave you some preliminary instructions

before trial began, and some during the course of the trial, but it is now – at the close of evidence –

that most of the instructions are given, so please be patient and listen closely.

If either of the lawyers state the law differently from the way I am explaining it to you, you

must follow my instructions.

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

This is a long instruction, and I may repeat certain parts.   That does not mean that those

parts should be emphasized.   You should not single out any one part of my instructions and ignore

the rest.   Instead, you should consider all of the instructions as a whole and consider each

instruction in light of all the others.   The order in which I give you instructions does not indicate

their relative importance.   Do not read into these instructions or into anything I have said or done,

any suggestion about what verdict you should return – that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to

follow as I deliver them, if I say aloud anything different from what is written, you must follow

what I say here in court.

## BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing.   You must remember that one of the most important functions of a trial is to give all the parties to a dispute a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about who is right.

## OBJECTIONS AND RULINGS

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible.   You should not prefer or dislike an attorney or his or her client because the attorney made objections – or because the attorney failed to make objections.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight.   My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question.   If I have granted a motion to strike, you must disregard the part of the answer that was stricken, because it is not evidence.   If I instructed you to consider evidence only for a particular purpose, you must follow that instruction.

## DUTIES OF THE JURY

It is your duty to find the facts from all the evidence in the case.   In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you.   Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you.   And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies.   In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the words "prove," "find," and "establish," when talking about what the plaintiff must do in order to win this case.   My use of the words "prove," "find," and "establish," mean to prove, find or establish, by the appropriate burden of proof, even if I do not always use those words.

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the plaintiff has the burden of proving every disputed part of her claims by a preponderance of the evidence.   You must consider whether the plaintiff has met her burden with respect to each defendant separately.   Although the defendants in this trial are being represented by the same counsel, you may not treat them collectively or impute the behavior

of one defendant to another.   Each defendant is entitled to your separate consideration and the question whether the plaintiff's claims have been proven by a preponderance of the evidence must be decided with respect to each defendant individually.   This means that you may find against all, some or none of the defendants, depending on what the plaintiff has proven.

To establish a fact by a preponderance of the evidence, the plaintiff must prove that the fact is more likely true than not true.   In other words, if you find that the credible evidence on a given issue is evenly divided between the plaintiff and a particular defendant or if that defendant has the better evidence, then you must decide that issue for the defendant.   If, however, the plaintiff proves that a fact is more likely true than not, even slightly more true than not, then you are to find that the plaintiff has proven the fact by a preponderance of the evidence.

There is an exception to this rule for affirmative defenses.   An affirmative defense is a set of facts, which, if proven, will shield an otherwise liable defendant from liability.   A defendant has the burden of proving an affirmative defense by a preponderance of the evidence.   Like liability, the question whether an affirmative defense has been proven must be decided separately with respect to each defendant.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them.   A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.   That requirement does not apply to a civil case such as this and you should not consider or discuss that standard in your deliberations.

## SECTION II: ISSUES IN THIS CASE

Now let me turn to the specific claims in this case.   Before I begin, it is important to distinguish between liability and damages.   When I use the word "liability," I mean the legal obligation that the one party has allegedly violated with respect to the other party.   This is different than "damages," which are monies awarded to compensate a party for any harms caused by the wrongful conduct of the other party.   You may not consider the question of damages unless you first determine that a party is liable.

The plaintiff, Rosalie Appel, claims that the defendants, Charles Spiridon, Linda Vaden-Goad and Linda Rinker retaliated against her for exercising her First Amendment Rights. Specifically, Ms. Appel alleges that defendants Charles Spiridon and Linda Vaden-Goad each took adverse employment action against her in retaliation for her testifying at Professor Hwa Young Caruso's Connecticut Commission on Human Rights and Opportunities ("CHRO") hearing and that defendants Charles Spiridon and Linda Rinker each retaliated against her for filing this lawsuit.

Ms. Appel brings these claims pursuant to Section 1983 of Title 42 of the United States Code, which is often referred to simply as "Section 1983."   Section 1983 provides that a person may seek relief in the form of money damages against anyone who, under the color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

## SECTION 1983 FIRST AMENDMENT RETALIATION – ELEMENTS

6

Ms. Appel claims that the defendants retaliated against her for engaging in activity protected by the First Amendment to the United States Constitution, which guarantees the rights to freedom of expression and association.   In order to prevail on a Section 1983 claim of First Amendment retaliation, Ms. Appel must prove the following three elements, with respect to each defendant:

(1)   The acts complained of were committed by a defendant acting under color of state law;

(2)   Ms. Appel was deprived of rights secured by the Constitution or laws of the United States;

(3)   The defendant's acts were the actual and proximate cause of the deprivation of Ms. Appel's rights under the Constitution or laws of the United States.

Ms. Appel may not recover on her Section 1983 claims of First Amendment retaliation against any defendant unless she proves all of those elements by a preponderance of the evidence, with respect to each defendant that is to be held liable.   I will now address the elements in detail.

### (1) FIRST ELEMENT – UNDER THE COLOR OF LAW

In order to prove the first element of a Section 1983 claim, Ms. Appel must establish that the defendants were acting under the color of legal authority – in this case, the authority of the State of Connecticut.   For the purposes of Section 1983, the State of Connecticut encompasses Western Connecticut State University.   Acting under color of law simply means that the activities at issue occurred while the defendants were performing their official duties as officials of Western Connecticut State University.   The defendants do not dispute that they were acting under color of law in this case.   Therefore, the first element of the plaintiff's Section 1983 claim has been

established by agreement of the parties.

### (2) SECOND ELEMENT – DEPRIVATION OF A CONSTITUTIONAL RIGHT

In order to prove the second element of a Section 1983 claim, Ms. Appel must establish

that she was deprived of a right protected by the Constitution or laws of the United States.   Under

the First Amendment, a citizen has the right to free expression and free association without reprisal

from the State.   In this case, Ms. Appel alleges that the defendants deprived her of a federal

constitutional right by retaliating against her after she engaged in speech protected by the First

Amendment.   In order to establish that defendants Spiridon, Vaden-Goad and/or Rinker deprived

Ms. Appel of her First Amendment rights, Ms. Appel must prove the following four elements, with

respect to each defendant separately, by a preponderance of the evidence:

      (1)      that she engaged in speech protected under the First Amendment;

      (2)      that the defendant was aware of that speech;

      (3)      that the defendant subjected her to an adverse employment action; and

      (4)      that her speech was a substantial or motivating factor in the defendant's decision to subject her to an adverse employment action.

The question whether Ms. Appel's speech is protected by the First Amendment is a

question of law, and is not a question that you need to consider.   I have decided, as a matter of law,

that the First Amendment protects the following "speech" in which Ms. Appel engaged: (1)

testifying on behalf of Professor Caruso at her 2005 CHRO hearing and (2) filing this lawsuit.

Thus, Ms. Appel has established the first of the four elements of her First Amendment retaliation

claim.

The second element that Ms. Appel must prove is that the defendants were aware of her

protected speech.   Ms. Appel claims that Ms. Vaden-Goad retaliated against her for testifying at

Professor Caruso's CHRO hearing in May 2005.   Therefore, she must prove that Ms. Vaden-Goad was aware that Ms. Appel testified at the hearing.   She need not demonstrate, however, that Ms. Vaden-Goad was aware of the content of her testimony – it is sufficient that Ms. Vaden-Goad was aware of the fact that Ms. Appel testified.   Ms. Appel claims that Ms. Rinker retaliated against her for filing this lawsuit in July 2006.   Therefore, she must prove that Ms. Rinker was aware that she filed this lawsuit.   Finally, Ms. Appel claims that Mr. Spiridon retaliated against her both for testifying at the hearing and for filing this lawsuit.   Therefore, she must prove that Mr. Spiridon was aware of one or both of these forms of protected speech.   If you find that Mr. Spiridon was aware of the CHRO hearing but not the lawsuit, or vice versa, you may only consider the evidence about the form of protected speech of which he was aware.

The third element Ms. Appel must prove is that a defendant who was aware of her protected speech subjected her to an adverse employment action.   Employment actions that may be considered adverse include discharge, demotion, reduction in pay, or reprimand.   Harassment may also constitute adverse employment action if the plaintiff has demonstrated that the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared to a typical or normal, not ideal or model, workplace.   Incidents that are relatively minor and infrequent will not meet this standard, but otherwise minor incidents that occur often and over a longer period of time may, in combination, amount to unreasonable inferiority in her work environment.   In determining whether an action taken by a defendant was, in fact, an adverse employment action, you must decide whether the defendant's alleged acts would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.

Ms. Appel claims that the following acts constituted adverse employment actions:

- Rinker: Ms. Appel claims that Ms. Rinker's 2007 actions implementing the Special

Assessment Committee's Plan for Remediation, including the Progressive Discipline process and suspensions of Ms. Appel, were adverse employment actions. Ms. Rinker did not commence her employment at Western Connecticut State University until July 2006; therefore, you may not attribute any adverse employment action taken against Ms. Appel before July 2006 to Ms. Rinker. Additionally, although you heard evidence that Ms. Rinker also suspended Ms. Appel in 2006 for her failure to comply with a requirement of the Remediation Plan, that decision is not part of this retaliation case. Therefore, you may not consider Ms. Appel's September 2006 suspension to be an act of retaliation by Ms. Rinker.

- Vaden-Goad: Ms. Appel claims that Ms. Vaden-Goad's decision to initiate the Special Assessment process and set up the Special Assessment Committee ("SAC") in November 2005, as well as subsequent acts taken in connection with that process, constituted adverse employment actions. You may only consider Ms. Vaden-Goad's conduct up to and including early August 2006. After that time, the Art Department split from the School of Arts and Sciences, where Ms. Vaden-Goad was Dean, and became part of a new School of Visual and Performing Arts at Western Connecticut State University, and Ms. Vaden-Goad no longer had any responsibility over Ms. Appel or the Special Assessment. Therefore, you may not consider Ms. Appel's September 2006 suspension to be an act of retaliation by Ms. Vaden-Goad.

- Spiridon: Ms. Appel claims that Mr. Spiridon was involved in the Special

Assessment process and its attendant Plan for Remediation from the inception of the process until her termination, and that several decisions he made and steps he took in connection with the process constituted adverse employment actions.

The fourth element Ms. Appel must prove is that her protected speech was a substantial or motivating factor in a defendant's adverse employment actions against her.  Ms. Appel can demonstrate that the protected speech was a substantial or motivating factor either directly, through evidence of a defendant's retaliatory animus, or indirectly, by showing that the protected activity was followed closely in time by adverse treatment in her employment by a defendant.

There are three possible outcomes for this element: (1) a defendant was solely motivated to act in order to retaliate against Ms. Appel; (2) a defendant was partially motivated to act in order to retaliate against Ms. Appel; or (3) a defendant was not motivated to act in order to retaliate against Ms. Appel.   I will explain each possibility in more detail.

If you find that Mr. Spiridon acted solely to retaliate against Ms. Appel for testifying at Professor Caruso's CHRO hearing or filing this lawsuit, or both, then you must find that Ms. Appel's speech was a substantial or motivating factor in his actions.  If you find that Ms. Vaden-Goad acted solely to retaliate against Ms. Appel for testifying at the CHRO hearing, then you must find that Ms. Appel's speech was a substantial or motivating factor in her actions.   If you find that Ms. Rinker acted solely to retaliate against Ms. Appel for filing this lawsuit, then you must find that Ms. Appel's speech was a substantial or motivating factor in her actions.

If you find that a defendant acted for several reasons, then you must determine whether one of those reasons was to retaliate against Ms. Appel because she testified at Professor Caruso's CHRO hearing or because she filed this lawsuit, or both, depending on the defendant.   If her

11

protected speech was one of those reasons, then you must determine whether Ms. Appel's speech played a substantial or motivating role in that defendant's decision to take adverse employment action against her.   By "substantial or motivating role," I mean that retaliation against Ms. Appel must have been important to the defendant's ultimate actions.   If the protected speech played a substantial or motivating role in a defendant's decision, then the plaintiff has proven this element of her claim.

Finally, if you find that Ms. Appel has failed to prove that her speech was a substantial or motivating factor in the adverse employment actions taken by a defendant, then you must find for that defendant with respect to any such adverse employment actions.

You are not to decide this case based upon whether you agree or disagree with the defendants' decisions, even if you think those decisions were unfair, unwise, or mistaken.   Thus, you may not return a verdict for the plaintiff simply because you disagree with the defendants' decisions or believe they were harsh or unreasonable.   In this case, you are only to decide whether the defendants' conduct was retaliatory as I have instructed you on the law.

As this instruction has indicated, the mental state of each defendant is significant to Ms. Appel's claim.   In order to prove a defendant liable for First Amendment retaliation, Ms. Appel must not only show that the defendant's acts deprived her of a federal right but also that the defendant took those acts intentionally.   An act is intentional if it is done voluntarily and deliberately and not because of mistake or accident.   Intent may be inferred from the circumstances surrounding an action.

Remember, in deciding whether the defendants deprived Ms. Appel of her constitutional right to free speech, you must consider the acts and mental state of each defendant separately.   A defendant is not liable for the actions, omissions or decisions of others; he or she must have

12

actually committed one or more of the acts that Ms. Appel claims constituted a deprivation of her

constitutional right to free speech.   Mere knowledge of or discussions about an action without

participation in that action is not enough to impose liability on a defendant.

(3) THIRD ELEMENT – CAUSATION

The third and final element of a Section 1983 claim that Ms. Appel must establish before a

defendant can be held liable is that the defendant's acts or omissions were the cause of injuries or

losses that she sustained.   Legal cause has two components – "cause in fact" and "proximate

cause." You must find that both types of cause have been proven in order to find that any

retaliatory actions taken by a defendant caused Ms. Appel an injury.

1. Cause in Fact

A cause in fact is an actual cause. The test for cause in fact is, simply, "did the defendant's

actions help to bring about a result?" If your answer to this question is "no," then the defendant's

action was not a cause in fact of a particular injury, and the defendant cannot be liable to the

plaintiff. If your answer to this question is "yes," you should decide whether the plaintiff has

proven that the particular injury was proximately caused by the defendant's conduct.

2. Proximate Cause

An injury is proximately caused by an act whenever the act played a substantial part in

bringing about the injury and the injury was a direct result or reasonably foreseeable consequence

of that act.   Therefore, an injury that is a direct result, or a reasonably probable consequence of a

defendant's conduct, was proximately caused by that conduct.   In other words, a defendant is

responsible for the natural consequences of his or her actions.

The word "proximate" in the phrase "proximate cause" is not the same as "approximate."

Proximate cause is a legal term that describes a factor that plays a substantial role in bringing about

13

injury; that is, a cause that is not too remote or insubstantial for the law to impose liability on the defendant for the plaintiff's alleged injuries.

This does not mean that the law recognizes only one proximate cause of an injury, consisting of only one factor or thing, or the conduct of only one person.   On the contrary, several factors or things, or the conduct of multiple people, may operate at the same time, either independently or together, to cause injury.   In such a case, each may be a proximate cause.

If you find that Ms. Appel has proven by a preponderance of the evidence that a defendant's conduct was both a cause in fact and a proximate cause of a constitutional injury suffered by her, then Ms. Appel has proven the third and final element of the Section 1983 claim with respect to that defendant.

## AFFIRMATIVE DEFENSE

If you find that the plaintiff has established all of the elements of her Section 1983 claim of First Amendment retaliation with respect to one or more of the defendants, then you must consider whether any of those defendants has proven an affirmative defense to the plaintiff's claims against him or her.   A defendant establishes an adequate defense to a claim of First Amendment retaliation if he or she can prove, by a preponderance of the evidence, that he or she would have taken the same course of action even if the plaintiff did not engage in protected speech.   This defense is only available if you find that the defendant was partially motivated to act in order to retaliate against Ms. Appel and partially motivated by another reason or reasons; it is not applicable if you find that the defendant was solely motivated to act in order to retaliate against Ms. Appel.

It is not enough for the defendant to show that he or she had other valid reasons for taking

action against the plaintiff; rather, the defense applies only if the defendant would have acted on those reasons even in the absence of the plaintiff's protected speech.   Therefore, if a defendant proves other, valid reasons for taking action against the plaintiff, the defendant must further prove that he or she would have acted on those reasons in the same way he or she actually did act in this case whether or not the plaintiff exercised her First Amendment rights.

In determining whether each of the defendants has adequately established an affirmative defense you must consider the actions of the defendants separately and may not impute the decisions of one defendant to any of the others.   If a defendant proves by a preponderance of the evidence that he or she would have made the same decision or taken the same action even if the plaintiff had not engaged in the protected speech, then you must find in favor of that defendant.


<u>DAMAGES</u>

If, after deliberating, you decide that Ms. Appel has proven her claim against one of more of the defendants and any such defendant has not met his or her burden of proving an affirmative defense, then you should turn to the issue of damages.   The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of, or otherwise award, damages to Ms. Appel.   It is your function to decide the issue of liability; I am instructing you on damages only so that you will have guidance should you decide that Ms. Appel is entitled to recover damages.   You should not consider the question of damages unless and until you find one or more of the defendants liable to the plaintiff.

If you find a defendant liable for retaliating against Ms. Appel for engaging in First Amendment speech, then Ms. Appel is entitled to damages caused by that defendant's conduct,

and you must fix the amount of damages owed to Ms. Appel.


## COMPENSATORY DAMAGES

The first type of damages is called compensatory damages, the purpose of which is to award, as far as possible, fair and just compensation for an injury.   If you decide for the plaintiff on the issue of liability, you must then fix the amount of damages that will reasonably and fairly compensate the plaintiff for any harm caused by the defendant's acts that give rise to liability. Compensatory damages seek to make a plaintiff whole—that is, to compensate for the damages that she suffered as a result of wrongful acts by a defendant.   Compensatory damages can include economic losses such as lost pay and/or benefits, as well as damages for emotional distress caused by a defendant's wrongful conduct.

The problem of estimating damages in a case of this sort is not easy.   You are not at liberty to guess or infer what the damages are.   You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that she is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which she is entitled. Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by a defendant's wrongful conduct.

The plaintiff may recover fair, reasonable, and just compensation for only those elements of damage she has proven were caused by the acts of a defendant that satisfied the elements of the plaintiff's claim.   Compensatory damages must not be based on speculation or sympathy; they must be based on the evidence at trial.   On the other hand, the law does not require the plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness

16

and accuracy as the circumstances permit.

You must bear in mind at all times that the burden is on the plaintiff to prove that any claimed element of damages was a proximate consequence of a proven wrongful act, as well as to prove the reasonable amount of any such element of damage.

## NOMINAL DAMAGES

"Nominal damages" are awarded as recognition that a plaintiff's rights have been violated. In the event that Ms. Appel has proven that one or more defendants retaliated against her for engaging in protected speech, but you find that she has proven no injury, you should award the plaintiff "nominal damages." You should also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in speculation or guesswork.

You may not award Ms. Appel both nominal and compensatory damages; either she was measurably injured, in which case you should award compensatory damages, or she was not or you cannot reasonably calculate such damage, in which case you should award nominal damages.

"Nominal damages" are a token sum, such as ten dollars.

## PUNITIVE DAMAGES

If you find that Ms. Appel has proven that a defendant retaliated against her for engaging in First Amendment protected speech, and you award compensatory or nominal damages to the plaintiff for any such claim, then you must decide whether Ms. Appel is entitled to an award of punitive damages.

The law permits you, the jury, to award punitive damages in order to punish a wrongdoer for some extraordinarily wrongful conduct, and to serve as a warning to others not to engage in

such conduct.   Whether you decide to award any punitive damages is entirely within your discretion.   In making this decision, you should consider the underlying purpose of punitive damages.   Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at a defendant's misconduct; moreover, punitive damages are intended to deter a defendant, and others like him or her, from taking similar actions in the future.

Whether you decide to award punitive damages against a defendant should be based on whether you find that he or she acted maliciously or wantonly with respect to Ms. Appel's rights. An act is malicious if it is done with ill will or out of spite.   An act is wanton if it is done with reckless or with callous disregard of, or indifference to, the rights of the injured person.   A defendant's maliciousness or wantonness can be inferred from his or her conduct.

If Ms. Appel has proven to you that a defendant's conduct was malicious or wanton, then you may award punitive damages against that defendant.   If you find a defendant liable for punitive damages, then it is within your discretion to determine the amount you award as punitive damages.   The extent to which you award punitive damages should be informed by the purposes underlying punitive damages.   That is, in fixing the sum to be awarded, you should consider the degree to which a defendant should be punished for wrongful conduct, and the degree to which an award of one sum or another will deter a defendant, or persons like him or her, from committing malicious or wanton acts in the future.

Please keep in mind that punitive damages should be awarded only if you find that the plaintiff has proven malicious or wanton conduct on a particular defendant's part.   You should determine the amount of punitive damages separately for each individual defendant that Ms. Appel has proven liable.   You should use calm judgment in analyzing the facts and deciding whether to

award punitive damages.

## RULE AGAINST DOUBLE RECOVERY

You may not award the same compensatory damages more than once for the same injury. The plaintiff is entitled to be made whole, but she is not entitled to recover more in compensatory damages than she has lost.   Therefore, if you find that Ms. Appel has proven that more than one defendant caused her the same injury, you should apportion the damages for that injury among the defendants based on your determination of their respective responsibilities.   Of course, to the extent that particular injuries are attributed to a distinct defendant, you may compensate Ms. Appel for such injuries without reduction due to apportionment.

## SECTION III: INSTRUCTIONS FOR DELIBERATIONS

### THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it.   The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

## WHAT IS AND IS NOT EVIDENCE

19

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence.

It is the witnesses' answers that are evidence.   At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.   If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict.   Further, if certain testimony was received for a limited purpose, such as for the purpose demonstrating notice, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their opening statements, closing arguments, comments, objections and questions is not evidence.   What they said in their opening statements and will say in closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I say in these instructions is not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.   Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received into evidence by the court. Exhibits were received into evidence either because the parties stipulated to their admission, or when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection are not evidence unless

they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence.   Direct evidence includes the exhibits as well as a witness's testimony about something the witness knows by virtue of his or her own senses – something he or she has seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.   Assume that, because there are no windows in this courtroom, you could not look outside.   As you were sitting here, someone walked in with an umbrella that was dripping wet.   Then a few minutes later another person also entered with a wet umbrella.   Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.   So you have no direct evidence of that fact.   But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.   On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is as valuable as direct evidence.   It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your

verdict must be based on a preponderance of all of the evidence presented.

## INFERENCE DEFINED

In their arguments, the lawyers may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.   It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proven by direct or circumstantial evidence.   The plaintiff may ask you to draw one set of inferences, while the defendants may ask you to draw another.   It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.   An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.   In drawing inferences, you should exercise your common sense.   The mere existence of an inference against a defendant does not relieve a plaintiff of the burden of establishing her case by a preponderance of the evidence.   Finally, you may not infer that a defendant is liable merely because the plaintiff filed this lawsuit.

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all of the witnesses.   It is now your job to decide how believable each witness was in his or her testimony.   You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

22

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?   You base it on what you have seen and heard.   You watched each witness testify.   Everything a witness said or did on the witness stand counts in your determination.   How did the witness impress you?   Was he or she frank, forthright and candid, or evasive and edgy as if hiding something?   How did the witness appear; what was his or her demeanor – that is, behavior, manner and appearance while testifying?   Often it is not what a person says but how he or she says it that convinces us.

When deciding credibility, you should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives.   You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.   You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" in various ways, including by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by

evidence that at some other time the witness said or did something inconsistent with the witness's trial testimony.   It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to the remainder of that witness's testimony.   Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.   You may decide, because of the witness's manner and demeanor or because of the improbability of his or her testimony or for other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

NOTE TAKING

I am now done with the instructions on the specific claims in this case.   In closing, I must add a few general instructions concerning your deliberations.   You were permitted to take notes during the course of the trial.   Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence.   If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.   The fact that a particular juror has taken notes

entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

## JURY BIAS

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.   Please bear in mind that all litigants are equal before the law.   You should not, therefore consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties.   Similarly, it would be wrong for you to allow feelings you might have about the nature of the claims against a defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here.   If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties.   Each of the parties to this case must be regarded as equals by you.   This is the agreement you made when you were selected as jurors and it is the position that must guide your deliberations.

## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel.   I will conclude the instructions after those summations.   Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

[BREAK FOR CLOSING ARGUMENTS]

<u>LAWYERS' ARGUMENTS ARE NOT EVIDENCE</u>

You have just heard closing arguments of counsel.   I want to remind you that <u>what the lawyers have said is not evidence</u>, even if it seemed at times as if they were testifying.   The lawyers merely presented their arguments about what the evidence has shown.   Their credibility is not an issue that should enter into your decision in this case.

## **CONCLUSION**

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors.   It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.   Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so.   However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.   Focusing on the questions set

forth in the verdict form will assist you in your deliberations.   You must complete and return the verdict form in court when you have reached your decision.   You must answer the questions in the order in which they appear on the form, and each answer must be unanimous.   When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.   Then inform the court security officer or clerk that you have reached a verdict.   The verdict form must be used only in connection with the charge I have just given to you.   The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the special verdict form.   As you will see when you retire to the jury room, the form consists of several questions.   Each question calls for either a "yes" or "no" answer.   Answer each question as it appears and only those questions.   As you review the form, you will see that there are instructions printed in *italics print* after each question.   Please read these instructions and follow them carefully.   Depending on your answer to a particular question, it may not be necessary to answer a later question.   The *italicized instructions* will guide you through the verdict form.   Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will have electronic copies of the exhibits with you but you will not have a transcript of the testimony.   If you want any of the testimony read to you, that can be done and will occur in open court.   I encourage you to limit the recitation of testimony.   It is not easy to locate specific portions of the testimony, and reading the testimony is a time consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the testimony.

Requests that testimony be read back, as well as any other communication with the court,

should be made in writing, signed by your foreperson, and given to the clerk or a marshal.   I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions – and nothing that I have said or done during the trial – has been said or done to suggest to you what I think your verdict should be.   What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room.   Deliberate only when all of you are present.   After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you.   No deliberations may take place without all jurors being present.   If you bring your cell phones into the jury room, you must turn them off during deliberations.   Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must immediately cease deliberations and may not recommence deliberations until all jurors are present and no longer using a cell phone.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and

apply the law as I have outlined it for you.   Render your verdict fairly, uprightly and without a scintilla of prejudice.   Take as long as you think is necessary to fairly and impartially reach your verdict.

Thank you for your attention.